EATONVILLE LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8123.   Promulgated January 26, 1928.

*E. K. Murray, Esq.*, and *Herbert E. Smith, C. P. A.*, for the petitioner.

*Granville S. Borden, Esq.*, for the respondent.

234

LANSDON : The only question presented in this proceeding is which of two methods of inventory valuation more clearly reflects the income. The respondent has computed the inventory value on a basis of average cost, without regard to the different production costs of distinct grades of lumber. The petitioner contends that the valuation should be computed by determining the cost per board foot of each grade and multiplying such cost by the quantity of each grade listed in the inventory.

It is apparent that the average cost method used by the respondent would be accurate only if the ratio between the total quantity produced and the quantity of each grade produced equaled the ratio between the total inventory list and the grade inventory list. It is unlikely that such percentages would be equal when each grade of lumber is marketed as a completed product. However, the method advanced by petitioner is not free from fault. The accuracy of this method depends upon the system of books kept, whether the books clearly show the production cost of each grade and the quantity of each grade produced. To some extent, at least, petitioner's computation is based on estimates and calculations made by its accountants several years subsequent to the closing of its books for the taxable year. The determination of the number of board feet of lumber kiln dried during the year, for example, was made

from the time-book by multiplying the amount of lumber hauled to the kiln at one load by the number of loads hauled by one man per day, by the number of men working during the year. It is obvious that such methods admit of gross error.

The petitioner has for several years computed its inventories at average market or cost, whichever was lower. The opening inventory for the taxable year was computed at average market, which was lower than cost. The opening inventory for the year 1922 has been computed on the average cost basis at the increased value determined by the respondent, and the statute of limitations has run against any adjustment for that year. To adopt the method now offered by petitioner would sacrifice consistency, since the method of inventory for one period only is to be changed. This Board has repeatedly held that consistency in inventory practice is of the highest importance. *Thomas Shoe Co.*, 1 B. T. A. 124; *The Buss Co.*, 2 B. T. A. 266; *Sinsheimer Bros., Inc.*, 5 B. T. A. 918. Determinations of the respondent involving inventories which have a compensating effect upon succeeding taxable years should not be disturbed in the absence of convincing evidence of error. *W. P. Weaver et al.*, 2 B. T. A. 709.

We are not convinced that the method of inventory valuation offered by the petitioner does more clearly reflect the income, when applied to the facts, than the method used by the respondent.

*Judgment will be entered for the respondent.*